1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY JOHN FAVALE,

                                    Plaintiff,

        vs.

MICHAEL J. ASTRUE, Commissioner of
Social Security

                                    Defendant.

CASE NO. 09-CV-2513 WQH (WMc)

**REPORT & RECOMMENDATION
TO DENY PLAINTIFF'S MOTION
FOR REMAND AND GRANT
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT TO
AFFIRM COMMISSIONER'S
DECISION**

**[DOC. NOS. 13 and 14.]**

## I.

## INTRODUCTION

        This matter is before the Court on cross-motions for summary judgment.  Plaintiff Anthony

John Favale brings his motion under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g)[1],

seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision

denying his claim for disability benefits  under the Act.  Plaintiff asks the Court to grant his motion

for remand, reversing the Commissioner's decision, which Plaintiff argues is: (a) based on legal error;

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer
a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action .
. . brought in the district court of the United States . . . . The court shall have the power to enter, upon
the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision
of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The
findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be
conclusive . . . ."  42 U.S.C. § 405(g).

1    and (b) not supported by substantial evidence.  The Commissioner concurrently seeks summary

2    judgment to affirm the ALJ's decision.

3         The Court finds the motions appropriate for submission on the papers and without oral

4    argument pursuant to Local Rule 7.1(d)(1).  After careful review of the moving and opposition papers,

5    the administrative record, the facts, and the law, it is recommended that the Court **DENY** Plaintiff's

6    motion for reversal and/or remand and **GRANT** the Commissioner's cross-motion for summary

7    judgment to affirm the Commissioner's decision denying disability benefits.

8                                                **II.**

9                                    **PROCEDURAL HISTORY**

10        On July 17, 2006, Plaintiff filed an application for Social Security Disability Insurance

11   Benefits alleging disability on December 18, 1993, which was later amended to April 25, 2006.  *See*

12   Administrative Record ("AR") at 23, 88.   His application was denied initially and also on

13   reconsideration.  AR at 47, 54.  In June of 2007, a request for a hearing was timely filed.  AR at 60.

14   The ALJ submitted a decision on May 26, 2009, finding the claimant was not entitled to disability

15   benefits.  AR at 10-17.  The decision of the Social Security Administration became final when the

16   Appeals Council adopted the ALJ's findings in a decision dated September 8, 2009.  AR at 1.

17        On November 9, 2009, Plaintiff filed the instant complaint pursuant to §405(g) of the Act in

18   order to obtain judicial review of a "final decision" from the Commissioner of the Social Security

19   Administration ("Commissioner") denying his claim for disability benefits. [Doc. No. 1.] Defendant

20   filed an answer to the complaint on January 7, 2010.  [Doc. No. 4.]

21        After receiving an extension of the motion filing deadline [Doc. No. 10.], Plaintiff filed a

22   motion for reversal and/or remand on April 23, 2010.  [Doc. No. 13.]  On May 20, 2010, Defendant

23   filed a cross-motion for summary judgment.  [Doc. No. 14, 15.]  Both motions were found suitable

24   for decision without oral argument and taken under submission.

25                                               **III.**

26                                        **DISCUSSION**

27   **1.      Legal Standard**

28        A claimant is entitled to disability benefits if, considering her age, education and work

experience, she is unable to perform the work she previously performed and also the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. **Step one** determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to **step two**, which determines whether the claimant has a medically severe impairment or combination of impairments. That determination is governed by the "severity regulation" which provides in relevant part:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520 ( c ), 416.920 ( c ).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521 (b), 416.921 (b). Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; [u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Id*.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the **third step**, which determines whether the impairment is equivalent to one of a number of listed impairments that

the Secretary acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520 (d), 416.920 (d); 20 C.F.R. Part 404, Appendix 1 to Subpart P.  If the impairment meets or exceeds one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the **fourth step**, which determines whether the impairment prevents the claimant from performing work she has performed in the past.  If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520 (e), 416.920 (e).  If the claimant cannot perform her previous work, the **fifth** and **final step** of the process determines whether she is able to perform other work in the national economy in view of her age, education, and work experience.  The claimant is entitled to disability benefits only if she is not able to perform other work.  20 C.F.R. §§ 404.1520 (f), 416.920 (f).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C. § 405(g).  The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)).  If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the

evidence and reaching his or her decision.  *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978).

Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the

Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to

the Social Security Administrator for further proceedings.  *Id.*

**2.      The ALJ's Decision**

After weighing the evidence from the administrative record and listening to the testimony of

Plaintiff and the experts, the ALJ determined Plaintiff retained the residual functional capacity to

perform unskilled sedentary work. [AR at 15.]  Specifically, the ALJ determined Plaintiff had certain

exertional and non-exertional limitations which left him unable to perform any past relevant skilled

or semi-skilled work as a tow truck driver or truck painter.  [*Id.*]  However, the ALJ found Plaintiff

able to perform unskilled sedentary occupations such as retail telephone operator, production inspector

and label machine tender.  [*Id.*]

**3.      Plaintiff claims the ALJ failed to properly discount the opinions of Plaintiff's treating**
**         physicians**

Plaintiff contends the ALJ improperly rejected the treating doctors' uncontroverted opinions

on Plaintiff's mental functional capacity. [Plaintiff's Mtn., Doc. No.13-1 at 11:10-15.]  Specifically,

Plaintiff asserts the ALJ's acceptance of the treating doctor's diagnosis of post traumatic stress

disorder, but rejection of the opinion that such disorder poses work-related limitations is contradictory,

inconsistent and constitutes legal error.  [*Id.* at 12:2-12; *see also* AR at 13-14.]

Defendant argues the ALJ's rejection of opinions given by Sultana Hamrang, M.D. and

Richard Townsend, Ph.D., was supported by clear and convincing reasons.  [Defendant's Mtn., Doc.

No. 14-1 at 3:12-17; 5:22-27.]

The opinions of treating physicians are generally given greater weight than those of other

physicians because of the treating physicians' intimate knowledge of the claimant's condition. *Aukland*

*v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001).  Further, in order to reject the opinion of a treating

physician, the ALJ is required to show specific and legitimate reasons based on substantial evidence

from the record.  *Id.  See also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).  If the opinion

is uncontroverted, the ALJ must provide clear and convincing reasons for rejecting such testimony.

1      *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  *See also Smolen*, 80 F.3d at 1285, *Rodriguez*

2  *v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989).  Where the report of a treating physician is "brief and

3  conclusionary in form with little in the way of medical findings to support the conclusion that

4  appellant was totally disabled," the ALJ is proper in rejecting such information. *Batson v. Comm'r of*

5  *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 n. 3 (9th Cir. 2004) (*quoting Young v. Heckler*, 803 F.2d 963,

6  968 (9th Cir. 1988)).  However, where the ALJ fails to provide adequate reasons for rejecting the

7  treating physician's opinion, the court will credit the treating physician's opinion as a matter of law.

8  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

9      The Ninth Circuit has determined the ALJ can properly reject a treating physician's testimony

10  under the following circumstances: (1) where the testimony is in the form of a checklist; (2) is not

11  supported by objective evidence; (3) was contradicted by other statements and assessments of the

12  claimant's condition, and; (4) was based on the claimant's subjective description of pain. *Batson*, 359

13  F.3d at 1195.  *See also Connett*, 340 F.3d at 875 (9th Cir. 2003) (determining ALJ properly rejected

14  treating physician's report, where the report contradicted treating physician's own notes and was

15  inconsistent with opinions of other physicians); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

16  2001) (ALJ properly rejected the opinion of treating physician, where treating physician's opinion was

17  inconsistent with his own examination and notes of claimant).

18      Here, the ALJ found the opinion of the treating clinical psychologist, Dr. Townsend, was

19  contradicted by assessments made by Claimant's treating psychiatrist, Dr. Hamrang as to the effect

20  of post traumatic stress disorder on the Claimant's condition.  Similarly, the ALJ found Dr.

21  Townsend's diagnosis of disabling post-traumatic stress disorder was not supported by objective

22  medical evidence.  Specifically, the ALJ explained that while Dr. Townsend opined the Claimant was

23  unable to complete a normal workday and work week because of psychological symptoms, Dr.

24  Hamrang described the Claimant as: (1) "alert, and fully oriented with average intelligence and a

25  normal affect;" (2) with fair insight and judgment; and (3) behavior within normal limits. [AR at 13;

26  Exh. 11F at p.7.]  Based on the contradictions present in the medical record as well as the conflicting

27  assessments of treating physicians, the ALJ properly rejected Dr. Townsend's opinion as to the

28  workday limitations posed by the claimant's post traumatic stress disorder.  *See Andrews v. Shlala*,

53 F.3d 1035, 1039 (9th Cir. 1995)(the ALJ is tasked to resolve conflicting evidence); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001 (an ALJ's rational finding should be upheld where evidence is susceptible to more than one rational interpretation.) Moreover, the ALJ delineated three specific reasons for her decision which she listed in the May 26, 2009 decision.  The clear and convincing reasons given were: (1) the treatment records indicated Claimant's post-traumatic stress disorder was stable on medication [Exh. 11F, p.7]; (2) despite his opinion placing workday restrictions on the claimant, Dr. Townsend acknowledged Claimant's ability to understand, remember and carry out simple instructions without significant limitation [Exh. 12F at 271]; and (3) Dr. Townsend failed to support his opinion that Claimant was limited in his ability to complete a normal workday or work week with any corroborating medical records. [*See* Dr. Townsend's checklist entitled "Mental Residual Functional Capacity Assessment" - Exh. 12F at 271-272.]  **IT IS THEREFORE RECOMMENDED** the Court find the ALJ properly  rejected the conflicting portions of Dr. Townsend's and Dr. Hamrang's opinions  with specific and legitimate reasons as required in *Batson*.

### IV.

### CONCLUSION AND RECOMMENDATION

For the reasons explained above, **IT IS HEREBY RECOMMENDED** the Court **DENY** Plaintiff's motion for motion for remand and **GRANT** the Commissioner's cross-motion for summary judgment.

**IT IS ORDERED** that no later than **July 28, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///

- 7 -

09cv2513 WQH (WMc)

1        **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and

2    served on all parties no later than **August 11, 2010**.  The parties are advised that failure to file

3    objections within the specified time may result in waiver of the right to raise those objections on

4    appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); see also

5    Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

6        **IT IS SO ORDERED.**

7    DATED: July 14, 2010

8                                                          _____

                                                          Hon. William McCurine, Jr.
9                                                          U.S. Magistrate Judge, U.S. District Court